UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| **MONICA ROSEBOROUGH**, individually and on behalf of all similarly situated individuals,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>**ALL SAINTS HOME CARE, INC.**, **ALL SAINTS HEALTH CARE, LLC, and ALL SAINTS HEALTH HOLDINGS, LLC**.<br><br>　　　　Defendants. | Case No. 6:18-cv-18-01085-<br><br>Judge:<br><br>**JURY TRIAL DEMANDED** |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Monica Roseborough ("Plaintiff"), individually and on behalf of all similarly situated individuals, by and through the undersigned attorneys, brings this Complaint against Defendants All Saints Home Care, Inc., All Saints Health Care, LLC, and All Saints Health Holdings, LLC (collectively, "Defendants"), and states as follows:

## INTRODUCTION

1. This is a collective action brought by Plaintiff on her own behalf and on behalf of all similarly situated current and former employees of Defendants to recover for Defendants' willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. Instead of paying Plaintiff and other similarly situated employees appropriate overtime compensation, Defendants implemented a policy and practice of consistently underpaying their employees such that the employees did not receive overtime at the rate of one and one-half times their regular rate of pay for all hours worked over 40 in a workweek. Specifically, Defendants failed to pay Plaintiff and other similarly situated employees an

1

overtime premium for hours worked over 40 in a workweek and, instead, paid them at their regular straight-time rate for hours over 40. In addition, Defendants failed to pay Plaintiff and other similarly situated employees for travel time between client locations during the workday that is "all in the day's work" and compensable as hours worked under the Portal to Portal Act, 29 U.S.C. § 254; 29 C.F.R. § 785.38, and failed to pay them for other work performed before and after clocking in.

## JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this action involves a federal question under the FLSA.

4. This Court has personal jurisdiction over Defendants because Defendants do business within the State of Kansas.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

6. Plaintiff resides in this District.

7. Plaintiff worked for Defendants in this District during the time period relevant to the Complaint.

## PARTIES

8. At all times relevant to the Complaint, Plaintiff was an hourly-paid, non-exempt home healthcare worker employed by Defendants in Wichita Kansas. Her written consent to join this action is attached as Exhibit 1.

9. Plaintiff was hired in or around September 2015 and remains employed by Defendants.

10. Plaintiff brings this action on behalf of herself and other similarly situated

employees who were not paid one and one-half times their regular rate of pay for all hours worked over 40 in a workweek.

11. The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **All current and former hourly-paid, non-exempt home care workers employed by All Saints Home Care, Inc. or All Saints Home Care, Inc., and/or All Saints Health Holdings, LLC, and all current and former home healthcare workers employed by All Saints Health Care, LLC or All Saints Health Care, LLC, and/or All Saints Health Holdings, LLC at any time from March 12, 2015 through the date of judgment ("FLSA Collective").**

12. Plaintiff seeks conditional and final certification of the FLSA Collective under 29 U.S.C. § 216(b).

13. Defendant All Saints Home Care, Inc. is a Kansas corporation doing business within the state of Kansas and maintains its headquarters in Wichita, Kansas.

14. Defendant All Saints Health Care, LLC is a Kansas limited liability company doing business within the state of Kansas and maintains its headquarters in Wichita, Kansas.

15. Defendant All Saints Health Holdings, LLC is a Kansas limited liability company doing business within the state of Kansas and maintains its headquarters in Wichita, Kansas.

**COVERAGE UNDER THE FLSA**

16. At all times relevant to the Complaint, Defendants All Saints Home Care, Inc. and All Saints Health Care, LLC were and are each an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

17. At all times relevant to the Complaint, Defendant All Saints Health Holdings, LLC was and is the corporate parent of Defendants All Saints Home Care, Inc. and All Saints Health Care, LLC.

18. Upon information and belief, at all times relevant to the Complaint, Defendants

All Saints Home Care, Inc., All Saints Health Care LLC, and All Saints Health Holdings, LLC:

    a. Have been and are related organizations through, for example, common membership, governing bodies, officers, and benefit plans;

    b. Share and have shared common management and common ownership;

    c. Share and have shared an office location in Wichita, Kansas; and

    d. Share and have shared wage and hour policies and practices, including payroll systems and employees.

19. As such, at all times relevant to the Complaint, All Saints Health Holdings, LLC is and was an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

20. At all times relevant to the Complaint, Defendants were and are an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

21. At all times relevant to the Complaint, Defendants were and are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s)(1).

## FACTS

22. All Saints Home Care, Inc. provides senior and home care services including meal preparation, medication reminders, general housecleaning, errands, grocery shopping, and personal care. On information and belief, it employs approximately 1,000 home care workers who provide these services to Defendant All Saints Home Care, Inc.'s clients in the clients' homes.

23. All Saints Home Care, Inc. provides agency-directed home care services for individuals who need home assistance and do not know of a care provider they would like to have assist them. In those cases, one of All Saints Home Care, Inc.'s staff caregivers will be assigned to provide in-home services.

24. All Saints Home Care, Inc. also provides self-directed home care services for individuals who need home assistance and already have someone, usually a friend or family member, who they want to provide the care. In those cases, All Saints Home Care, Inc. handles the billing and payments to the care provider.

25. Caregivers who provide agency-directed services and those who provide self-directed services are both subject to the same policies and practices in regards to pay.

26. Defendant All Saints Health Care, LLC provides home health care services including skilled nursing services (such as administration of medications and injections, medical tests, monitoring of health status, wound care, and post-surgery recovery needs), physical therapy, occupational therapy, speech therapy, medical social workers, and home health aides. It employs home health care workers who provide these services to All Saints Health Care, LLC's clients in the clients' homes.

27. All Saints Home Care, Inc.'s home care workers and All Saints Health Care, LLC's home health care workers (collectively, "Caregivers") are subject to the same policies and practices in regards to pay.

28. Plaintiff and other similarly situated employees work or have worked for Defendants as Caregivers.

29. Throughout her employment, Plaintiff has been assigned to provide home care services to two clients. She has a fixed schedule where she is in the home of her first client during the morning, Monday through Friday, and in the home of her second client during the afternoon, Monday through Friday.

30. Plaintiff is assigned to work in the first client's home for a total of 37 hours per week. She is assigned to work in the second client's home for a total of 27 hours per week.

Plaintiff is paid a wage of $10.45 per hour for her work with the first client. She is paid a wage of $10.00 per hour for her work with the second client.

31. Each work day, Plaintiff spends approximately twenty minutes traveling between the home of her first client and the home of her second client.

32. Plaintiff's hours worked rarely deviate. She routinely works over 64 hours during each workweek. Her hours worked during each workweek include 37 hours of work in the home of her first client, 27 hours of work in the home of her second client, at least one hour and 40 minutes of travel time between her clients' homes, and any other time spent on work related to her principal activities. All of this work has been assigned by Defendants, or Defendants have been aware of all of the work that Plaintiff has performed.

33. Other similarly situated Caregivers have routinely worked over 40 hours in a workweek. All of their work was or is assigned by Defendants, or Defendants have been and are aware of the work that the Caregivers performed.

34. When Plaintiff and other similarly situated Caregivers arrive at a client's home, they must call the AuthentiCare hotline from the client's phone and enter their employee identification number. Before leaving a client's home, Plaintiff and other similarly situated Caregivers must call the AuthentiCare hotline from the client's phone again. If Plaintiff or other similarly situated Caregivers are assigned to another client for the day, they must travel to the next client's home. They then repeat the process of calling the AuthentiCare hotline upon arrival at the next client's home and again, before leaving that client's home.

35. Defendants use these phone calls to the AuthentiCare hotline to track hours worked by Plaintiff and other similarly situated Caregivers. In other words, Plaintiff and other similarly situated Caregivers are only paid for the hours worked between their phone calls to the

6

AuthentiCare hotline.

36. Plaintiff and other similarly situated Caregivers are not paid for any work performed before or after calling in to the AuthentiCare hotline, including time spent traveling between clients' homes and time spent performing work that is related to their principal activities, but performed before or after the calls to the AuthentiCare hotline.

37. Plaintiff and other similarly situated Caregivers are entitled to compensation for all hours worked, including time spent traveling between clients and time spent performing work that is related to their principal activities, but performed before or after the calls to the AuthentiCare hotline. When Plaintiff and other similarly situated Caregivers work over 40 hours in a workweek, they are entitled to be compensated for this time at the rate of one and one-half times their regular rate of pay.

38. Plaintiff and other similarly situated Caregivers are entitled to overtime pay at the rate of one and one-half times their regular rate of pay for all hours over 40 in a workweek.

39. In violation of the FLSA, Defendants have paid Plaintiff at her straight-time rate of pay for hours worked over 40 in a workweek.

40. For example, during the pay period ending February 3, 2018, Plaintiff's paystub reflects that she worked 62.5 hours. *See* Exhibit 2.

41. Like in all pay periods, during this one, Plaintiff also worked additional hours that are not captured in Defendants' records and do not appear on her paystub. This is because Defendants have a policy and practice of not capturing or paying for certain hours worked by their Caregivers, including travel time and other time related to the Caregivers' principal activities, as described above.

42. For those 62.5 hours, Plaintiff was paid the gross amount of $640.87, or $10.25

7

per hour.

43. Since Plaintiff worked at the hourly rates of $10.00 per hour and $10.45 per hour, she was entitled to payment for all hours over 40 at a rate somewhere between $15.00 per hour and $15.68 per hour. However, she was paid for hours over 40 at the rate of $10.00 per hour in violation of the FLSA.

44. In violation of the FLSA, Defendants have also failed to pay Plaintiff for hours worked that were not performed between in and out calls to the AuthentiCare system, including time spent traveling between clients and other work performed that is related to her principal activities.

45. Because Plaintiff regularly worked over 40 hours in a workweek, she should have been compensated for her travel time and other working time at the rate of one and one-half times her regular rate of pay.

46. All similarly situated Caregivers were subject to the same illegal policies and practices in that they were not paid for their hours over 40 at the rate of one and one-half times their regular rate of pay, and were not paid at all for compensable work that was performed before or after their calls to the AuthentiCare hotline.

47. Defendants willfully violated and continue to violate the FLSA by failing to pay Plaintiff and other similarly situated Caregivers for all hours worked and by failing to pay them an overtime premium for hours worked over 40 in a workweek.

48. Defendants were aware or should have been aware of the overtime requirements of the FLSA.

49. Defendants nonetheless suffered or permitted Plaintiff and other similarly situated Caregivers to work without receiving the overtime pay to which they were entitled.

50. Defendants knew that they were not paying Plaintiff and other similarly situated Caregivers the overtime pay to which they were entitled.

51. Defendants knew, or acted with reckless disregard for whether, Plaintiff and other similarly situated Caregivers worked in excess of 40 hours in individual workweeks without receiving overtime compensation at the rate of one and one-half times their regular rate of pay for hours worked over 40 in a workweek.

52. Defendants' failure to pay the appropriate overtime compensation to Plaintiff and other similarly situated Caregivers was, and is, a willful violation of the FLSA.

## COLLECTIVE ALLEGATIONS

53. The claims under the FLSA may be pursued by all individuals who opt in to this case pursuant to 29 U.S.C. § 216(b).

54. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and other similarly situated Caregivers.

55. Numerous individuals were victimized by Defendants' policy or practice of failing to pay employees all wages owed to them.

56. Defendants had a consistently applied policy or practice of failing to pay Caregivers an overtime premium for hours worked over 40 in a workweek.

57. Defendants had a consistently applied policy or practice of failing to pay Caregivers for all hours worked, including for work performed before calling in to the AuthentiCare hotline and after calling in to the AuthentiCare hotline.

58. Based on her experience working with Defendants, Plaintiff is aware that Defendants' illegal practices were imposed on members of the FLSA Collective.

59. Defendants pay Plaintiff and members of the FLSA Collective in the same manner.

60. Members of the FLSA Collective were not paid overtime at the rate of one and one-half times their regular rate of pay for all hours worked over 40 in a workweek.

61. Defendants' failure to pay Plaintiff and other FLSA Collective members the wages to which they were entitled results from generally applicable, systemic policies or practices which are not dependent on the personal circumstances of members of the FLSA Collective, but rather, were applied equally to *all* members of the FLSA Collective.

62. Upon information and belief, Defendants employed over 1,000 members of the

FLSA Collective during the relevant time period. The precise number and identity of other members of the FLSA Collective is identifiable from the business records, tax records, and/or employee or personnel records maintained by Defendants.

63. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

## COUNT I
## FLSA – FAILURE TO PAY OVERTIME WAGES
## (PLAINTIFF AND FLSA COLLECTIVE)

64. Plaintiff re-alleges and incorporates all previous paragraphs herein.

65. With limited exception not applicable here, the FLSA requires an employer to pay its non-exempt employees one and one-half times their regular rate of pay for all hours worked over 40 hours in a workweek. 29 U.S.C. § 207.

66. By failing to pay Plaintiff and other similarly situated Caregivers overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over 40 in a workweek, Defendants violated the FLSA.

67. Defendants did not act in good faith when they engaged in the above-mentioned conduct.

68. By engaging in the above-mentioned conduct Defendants willfully, knowingly, and/or recklessly violated the FLSA.

69. Because of Defendants' policies or practices, Plaintiff and other similarly situated Caregivers have been damaged in that they have not received wages due to them pursuant to the FLSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and all similarly situated individuals, prays that this Honorable Court:

a. Certify this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth above;

b. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all FLSA collective members that this litigation is pending and that they have the right to "opt in" to this litigation;

c. Declare that Defendants willfully violated the FLSA as set forth above;

d. Award Plaintiff and similarly situated individuals actual damages for unpaid wages;

e. Award Plaintiff and similarly situated individuals liquidated damages in an amount equal to the unpaid wages found due;

f. Award reasonable attorneys' fees and costs incurred by Plaintiff in filing this action;

g. Award pre- and post-judgment interest to Plaintiff on these damages; and

h. Grant such further relief as this court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury of all claims asserted in this Complaint.

Dated March 12, 2017

s/ George A. Hanson
George A. Hanson, KS Bar # 16805
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone: (816) 714-7100
Facsimile: (816) 714-7101
hanson@stuevesiegel.com

Laura E. Reasons (to seek *pro hac vice* admission)
**DICELLO LEVITT & CASEY**
Ten North Dearborn Street, Eleventh Floor
Chicago, Illinois 60602
Telephone: (312) 214-7900

Fax: (312) 253-1443
lreasons@dlcfirm.com

Kenneth P. Abbarno (to seek *pro hac vice* admission)
Mark M. Abramowitz (to seek *pro hac vice* admission)
**DICELLO LEVITT & CASEY**
7556 Mentor Ave.
Mentor, Ohio 44060
Telephone: (440) 953-8888
Fax: (440) 953-9138
kabbarno@dlcfirm.com
mabramowitz@dlcfirm.com

*Counsel for Plaintiff*

Fax: (312) 253-1443
lreasons@dlcfirm.com

Kenneth P. Abbarno (to seek *pro hac vice* admission)
Mark M. Abramowitz (to seek *pro hac vice* admission)
**DICELLO LEVITT & CASEY**
7556 Mentor Ave.
Mentor, Ohio 44060
Telephone: (440) 953-8888
Fax: (440) 953-9138
kabbarno@dlcfirm.com
mabramowitz@dlcfirm.com

*Counsel for Plaintiff*