IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MONICA ROSEBOROUGH,                      )
Individually And                         )
On Behalf Of All Similarly               )
Situated Individuals,                    )
                                         )
              Plaintiff,    )       CIVIL ACTION
                                         )
v.                                       )       No. 18-2122-KHV
                                         )
ALL SAINTS HOME CARE, INC.,              )
ALL SAINTS HEALTH CARE, LLC and          )
ALL SAINTS HEALTH HOLDINGS, LLC,         )
                                         )
              Defendants.   )
                                         )

**MEMORANDUM AND ORDER**

Monica Roseborough, on behalf of herself and others similarly situated, brings suit against All Saints Home Care, Inc., All Saints Health Care, LLC and All Saints Health Holdings, LLC, seeking unpaid wages and overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 § U.S.C. 201 et seq. This matter comes before the Court on the Parties' Stipulation And Motion For Conditional Certification And Judicial Notice To Putative Collective Members (Doc. #36) filed November 21, 2018. For reasons stated below, the Court sustains the motion and approves the proposed notice with the following modifications discussed herein.

Under 29 U.S.C. § 216(b), the parties seek conditional certification of a collective action for purposes of providing notice to putative class members. Section 216(b) provides in part that "[a]n action . . . may be maintained against an employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). This provision provides the exclusive procedural mechanism for class certification in actions under

the FLSA.  Brown v. Money Tree Mortgage, Inc., 222 F.R.D. 676, 679 (D. Kan. 2004).  Though the FLSA does not define the phrase "similarly situated," the Tenth Circuit has approved an ad hoc approach by which the Court determines on a case-by-case basis whether the members of the putative class are similarly situated.  See Thiessen v. Gen. Elec. Capital Corp., 267 F.3d 1095, 1105 (10th Cir. 2001).  Under this approach, the Court engages in a two-step process. First, it makes an initial "notice stage" determination which requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan.  Id. at 1102 (quoting Vaszlavik v. Storage Tech. Corp., 175 F.R.D. 672, 678 (D. Colo. 1997)).  By this determination, the Court decides whether to certify a collective action for purposes of sending notice of the action to potential class members.  Brown, 222 F.R.D. at 679.  This initial step creates a lenient standard which typically results in conditional certification of a representative class.  Gieseke v. First Horizon Home Loan Corp., 408 F. Supp.2d 1164, 1166 (D. Kan. 2006) (citing Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1214 (5th Cir. 1995)). Under the second step, initiated at the close of discovery, the Court utilizes a stricter standard which requires evaluation of several factors, including (1) disparate factual and employment settings of individual plaintiffs; (2) any defenses available to defendants which appear to be individual to each plaintiff; and (3) fairness and procedural considerations.  Thiessen, 267 F.3d at 1102-03.

After reviewing the allegations of the complaint and the parties' brief in support of the motion, the Court is satisfied that plaintiff has met the minimal threshold required for conditional collective certification for purposes of sending notice to potential class members.  See Renfro v. Spartan Computer Servs., Inc., 243 F.R.D. 431, 433-34 (D. Kan. 2007) (citing Brown, 222 F.R.D. at 681) (generally, where putative class members employed in similar positions, allegation that

defendants engaged in pattern or practice of not paying overtime sufficient to allege plaintiffs were victims of single decision, policy or plan).

I.      **Class Definition**

The parties seek conditional certification of a collective class under the FLSA which includes:

> All current and former workers who provided in-home care services to one or more self-directed participants in a Medicaid Home and Community Based Services (HCBS) program and who used All Saints Home Care, Inc. as a Financial Management Services (FMS) provider ("Self-Directed Client") and who both: (1) worked either (a) more than 40 hours during any work week for one Self-Directed Client or (b) more than 38 hours for a combination of one Self-Directed Client and any other client(s), and (2) was not paid overtime at the rate of one and one-half times the regular rate of pay for all hours worked over 40 at any time between March 12, 2015 and the date of judgment ("FLSA Collective").

Stipulation And Motion (Doc. #36) at 3.

The proposed class includes all in-home care workers who used All Saints Home Care, Inc. as a Financial Management Services provider "at any time between March 12, 2015 and the date of judgment." Id. The temporal scope of this proposed class is overly broad. Under the FLSA, the statute of limitations for willful violations is three years after the cause of action accrued. 29 U.S.C. § 255(a). Notice of the collective action is intended to reach those putative class members who have not yet joined the action, and under 29 U.S.C. § 256, an opt-in plaintiff is deemed to have commenced his or her claim when he or she files notice of consent to join the collective action. Thus, for individuals who have not yet joined the action, the maximum reach of the limitations period for any willful violation of the FLSA – assuming those individuals opt in immediately – would extend back only three years from the date of this order, rather than three years from plaintiff's filing of the complaint. See Lewis v. ASAP Land Exp., Inc., No. 07-2226-KHV, 2008 WL 2152049, at *2 (D. Kan. May 21, 2008); see also Pivonka v. Bd. of Cty. Comm'rs

of Johnson Cty., Kan., No. 04-2598-JWL, 2005 WL 1799208, at *1 n.1 (D. Kan. July 27, 2005) (conditionally certifying representative FLSA action to include similarly situated persons employed within three years of order). Aside from Roseborough, a person who has not worked for defendants within the last three years cannot now opt in because that person's claim for unpaid wages is time-barred. The Court orders the parties to conform the employment dates of the proposed class definition to the applicable statute of limitations as set out above (i.e., between three years prior to the date of this order and the present).

**II.    Proposed Notice And Consent To Potential Plaintiffs**

As noted, conditional certification serves to facilitate the dissemination of notice to potential class members. To this end, the parties' motion attaches a proposed notice form. Although the parties have agreed to the proposed notice and consent to join form, under the FLSA the Court has the power and duty to ensure that the notice is fair and accurate. Creten-Miller v. Westlake Hardware, Inc., No. 08-2351-KHV, 2009 WL 2058734, at *2 (D. Kan. July 15, 2009) (citation omitted). The Court should not, however, alter the proposed notice unless such alteration is necessary. Id.

After reviewing the parties' proposed notice and consent to join form, the Court identifies the following changes the parties must make to the notice:

1. Court authorization of the notice should not be in bold text. See Clayton v. Velociti, Inc., No. 08-2298-CM, 2009 WL 304190, at *3 (D. Kan. Feb. 9, 2009).

2. Inform recipients that if they do not prevail there is a possibility that they may be responsible for court costs. See Creten-Miller, 2009 WL 2058734, at *4.

3. On page 1, in the recipient field, change the last line of the conditionally certified class to conform the employment dates of the proposed class

definition to the applicable statute of limitations as set out above (i.e., between three years prior to the date of this order and the present).

4. On page 1, in the date field, insert the date of this order.

5. On page 2, section 5 titled "Your Time To Join Is Limited," insert [a date that is 60 days from the date the notice is postmarked].

6. Add a provision informing putative members that they have the right to seek outside counsel. See Clayton, 2009 WL 304190, at *3.

The parties shall make these changes to their proposed notice and shall resubmit such notice to the Court on or before **December 21, 2018** for final approval.

**IT IS THERFORE ORDERED** that the Parties' Stipulation And Motion For Conditional Certification And Judicial Notice To Putative Collective Members (Doc. #36) filed November 21, 2018 is **SUSTAINED**.

**IT IS FURTHER ORDERED** that no later than **December 21, 2018** the parties shall amend the proposed notice as described herein and shall submit such notice to the Court for final approval.

**IT IS FURTHER ORDERED** that no later than **December 28, 2018**, defendants will produce a list of putative collective action members, as set forth in the Stipulation And Motion (Doc. #36) at 3.

Dated this 14th day of December, 2018 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge